**Nancy F. HOLT, Plaintiff and Respondent,**

v.

**Verner Walker HOLT, Defendant and Appellant.**

**No. 17805.**

Supreme Court of Utah.

Sept. 24, 1982.

Frank M. Wells, Ogden, for defendant and appellant.

Dale M. Dorius, Brigham City, for plaintiff and respondent.

PER CURIAM:

This is an appeal from a divorce decree that awarded the plaintiff alimony in the amount of $400 per month for four years, plus $200 per month for the two years following.

The parties were married eleven years and had one son, age five at the time of the divorce. Plaintiff was awarded custody and $175 per month for his support. This award is not challenged on appeal.

The plaintiff and defendant were indebted heavily with unsecured obligations and a number of secured joint-obligations. One of the defendant's debts was to a local bank for $25,000 where plaintiff's father, Mr. Fishburn, had co-signed with defendant on a note.

The defendant filed as a bankrupt and obtained a discharge, which relieved him of the obligation to the bank, and left Fishburn as sole obligor therefor. Plaintiff refused to file bankruptcy and chose to face the joint-obligations she had with the defendant alone.

During the hearing, Fishburn testified (over the objection of inadmissibility) as to the details of the note, including the amount, the payee and the two makers.

On appeal, the defendant attaches considerable significance to the fact that the amount of alimony awarded suggests an amount near enough to the $25,000 debt owed by defendant to her father and which was discharged in bankruptcy, that it was awarded by the court so that the plaintiff could recoup and repay her father's loss.

While we have concluded that it was error to allow plaintiff's father to testify as to the amount of his joint-obligation with the defendant (that being irrelevant to the issue before the court), it is unclear whether the district court relied on that evidence in fixing the amount of alimony. If the court did not rely on that evidence, the error was harmless.[1] Since it is possible, however, that the court did rely on Fishburn's testimony, the case is remanded to the district court for a redetermination of alimony. In making its discretionary award,[2] the court should consider, inter alia, plaintiff's concession that $275.00 per month would satisfy her needs.

The alimony award is vacated and the case is remanded for a redetermination of alimony.

1. Rule 61, Utah Rules of Civil Procedure.

2. See *Gramme v. Gramme,* Utah, 587 P.2d 144 (1978).